UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT J. LAMBERTS, MD,

      Plaintiff,

v.                                                                        Case No. 1:05-CV-807

PRIORITY HEALTH,                                          HON. GORDON J. QUIST

      Defendant.
_____/

## OPINION

Plaintiff, Robert J. Lamberts, MD ("Lamberts"), has sued Defendant, Priority Health, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461.  In Count I of his complaint, Lamberts asserts a claim for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and in Count II he asserts a claim for breach of fiduciary duty.  Presently before the Court is Priority Health's motion to dismiss on the basis that Lamberts' complaint is untimely.  For the reasons set forth below, the Court will grant the motion and dismiss the case with prejudice.

Lamberts is an employee of Dermatology Associates of West Michigan, P.C. and is a participant in its health care plan offered through Priority Health (the "Plan").  The Plan is an ERISA plan.  In early 2002, Lamberts was diagnosed with prostrate cancer.  Lamberts evaluated the various options available to him and decided to undergo a procedure known as Laparoscopic Radical Prostatectomy ("LRP") surgery.  Lamberts sought approval from Priority Health to have the LRP performed at the Cleveland Clinic.  Priority Health denied Lamberts' claim on or about September 10, 2002, claiming that LRP was not the standard of care in West Michigan for Lamberts' condition.  Priority Health offered to cover a standard prostatectomy performed by a physician within the

Priority Health network.  Lamberts declined the offer and filed a grievance on October 6, 2002, regarding the decision, as required under the Plan.  The Grievance Commission upheld the initial denial in a decision issued on October 23, 2002.   Lamberts appealed that ruling, and the Priority Health Appeal Committee affirmed on November 5, 2002.  On November 21, 2002, Dr. Indehir Gill performed the LRP on Lamberts at the Cleveland Clinic.   On November 29, 2002, Lamberts requested an external review of the decision through the Office of Financial and Insurance Services, which denied  Lamberts' request for coverage on January 13, 2003.[1]

In February 2005, Lamberts filed a complaint against Priority Health in state court alleging a claim for breach of contract.  Lamberts stipulated to dismiss the case in May 2005, after Priority Health moved to dismiss on the grounds that the claim was preempted by ERISA.  Lamberts filed the instant case on December 2, 2005.

Priority Health moves to dismiss this case on the grounds that Lamberts' claim for benefits is barred by the limitations period set forth in the Plan and that his breach of fiduciary duty claim is barred by ERISA's three-year limitations period for breach of fiduciary duty claims.  Lamberts states in his response brief that he "does not contest Priority's arguments regarding the breach of fiduciary duty claim."[2]  (Pl.'s Br. Opp'n at 2.)

---

[1] Priority Health has submitted a letter from the Office of Financial and Insurance Services showing that it did not review Lamberts' claim because he filed it beyond the statutory filing period.  Whether that office made a determination on the merits or denied the claim as untimely is immaterial to the Court's resolution of the issue raised in the instant motion.

[2] Even if Lamberts' breach of fiduciary claim were not barred by the three-year limitations period, it would still be subject to dismissal because there is no basis for a breach of fiduciary duty claim in this case.  In Varity Corp. v. Howe, 516 U.S. 489, 116 S. Ct. 1065 (1996), the Supreme Court held that § 1132(a)(3) affords participants and beneficiaries a remedy for breach of fiduciary duty where no other remedy is available under ERISA.  Id. at 506-515, 116 S. Ct. at 1074-79.  However, such a claim may not be maintained where it is essentially a repackaged claim for benefits under § 1132(a)(1)(B).  See Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 613 n.2 (6th Cir. 1998); Weiner v. Aetna Health Plans of Ohio, Inc., No. 97-3136, 1998 WL 381642, at *5 (6th Cir. June 23, 1998).  Lamberts alleges that Priority Health violated its fiduciary duties under § 404(a), 29 U.S.C. § 1104(a), when it improperly denied coverage for the LRP surgery.  Such a claim is a claim for benefits properly brought under § 1132(a)(1)(B).  Thus, there is no basis for a claim under § 1132(a)(3) for breach of fiduciary duty.

With regard to claims for benefits, the Plain provides:

> You have the right to bring an action for benefits under Section 502 of ERISA. However, before filing a lawsuit against us, you must complete our Grievance Procedure as described in this Section 12. In addition, you must file suit no later than two years after the date of service or receiving notice that Coverage for the requested service is denied.

(Plan, § 12.E., at 35.)

ERISA does not contain a statute of limitations for claims seeking benefits under a plan governed by ERISA. Thus, courts have held that the appropriate limitations period for claims for benefits is the limitations period prescribed for breach of contract actions in the state in which the claim is brought. See Meade v. Pension Appeals & Rev. Comm., 966 F.2d 190, 194-95 (6th Cir. 1992) (concluding that the Ohio statute of limitations for breach of contract actions was the most analogous state law statute of limitations to the plaintiff's claim for benefits); Alcorn v. Raytheon Co., 175 F. Supp.2d 117, 120 (D. Mass. 2001) ("Ordinarily a claim for benefits under an ERISA plan is governed by the statute of limitation prescribed for contract actions in the state in which the claim is brought."). The Sixth Circuit and other courts have recognized that in the ERISA context, as with other types of contractual arrangements, the parties may agree upon a shorter limitations period, so long as the period is not unreasonably short.[3] See Clark v. NBD Bank, N.A., 3 F. App'x 500, 503-04 (6th Cir. 2001) (per curiam); Doe v. Blue Cross & Blue Shield United of Wisc., 112 F.3d 869, 873 (7th Cir. 1997); Wilkins v. Hartford Life & Accident Ins. Co., 299 F.3d 945, 948 (8th Cir. 2002); Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998). In addition, the Sixth Circuit has noted that "Michigan courts have held that insurance

---

[3]Priority Health cites Rory v. Continental Insurance Co., 473 Mich. 457, 703 N.W.2d 23 (2005), for the proposition that, under Michigan law, courts are not to evaluate the reasonableness of a contractual limitations period. However, as noted above, the Sixth Circuit (and most other federal courts) hold that the limitations period must be reasonable. See Morrison v. Marsh & McLennan Cos., 439 F.3d 295, 302 (6th Cir. 2006) (noting that the contractual limitations period was reasonable).

contracts may contain shorter statutes of limitations." Santino v. Provident Life & Accident Ins. Co., 276 F.3d 772, 776 (6th Cir. 2001).

The Plan provides a limitations period of two years from the date of service or the receipt of notice that the claim has been denied for filing an action for benefits under Section 502 of ERISA. The Court concludes that the two-year contractual limitations period is reasonable. In Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan, 160, 160 F.3d 1301 (11th Cir. 1998), the Eleventh Circuit held that a ninety-day limitations period in an ERISA plan was reasonable. The court found that nothing in the plan suggested that the ninety-day limitations period was a subterfuge to prevent lawsuits. The court noted that the plan did not rely upon a contract with a third-party insurer, but instead was funded by contributions from participating employees and the employer, and thus did not exist to make a profit. See id. at 1304. The court also noted that the ninety-day period was consistent with other provisions of the plan facilitating expeditious review of the claim. See id. Finally, the court found that the internal appeals process, which took approximately ten months, plus the additional ninety-day limitation, gave the plaintiff adequate time to investigate the claim and file suit, especially because all of the evidence was garnered during the internal review process and there was no need for any additional investigation or evidence-gathering following the administrative denial of the claim. See id.; see also Davidson v. Wal-Mart Assocs. Health & Welfare Plan, 305 F. Supp. 2d 1059, 1071 (S.D. Iowa 2004) (concluding that a forty-five-day contractual limitation was reasonable).

Although the Plan in this case differs from the plan in Northlake because it is funded through a contract of insurance with an insurer, the Court finds no basis for concluding that the two-year limitation was not reasonable. As the Seventh Circuit has observed, claims alleging improper denial of benefits under ERISA Section 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B), are essentially claims for

4

review of an administrative decision, which does not entail development of a factual record.  See Doe, 112 F.3d at 875.  "A suit under ERISA, following as it does upon the completion of an ERISA-required internal appeals process, is the equivalent of a suit to set aside an administrative decision, and ordinarily no more than 30 or 60 days is allowed within which to file such a suit."  Id.  In light of the nature of an ERISA claim for benefits, the Court finds no reason why it would be unreasonable to require a participant to file an action to recover benefits within two years of the date benefits are denied.  Other than arguing that the minimum time for a limitations period should be three years, Lamberts fails to explain why a participant could not reasonably bring a claim within a two-year period.

Here, Lamberts initiated the internal review process on October 6, 2002, and the final determination was made slightly more than three months later, on January 13, 2003.[4]   Giving Lamberts the benefit of January 13, 2003, as the latest possible date on which his claim for benefits accrued, Lamberts had two years from that date to file his claim for benefits, but he did not file a

---

[4]This analysis assumes that the limitations period commenced upon the final denial of the claim rather than when the claim was initially denied in September 2002.  Priority Health argues that Lamberts' claim accrued in September of 2002, when Lamberts received notice that Priority Health had denied coverage.  Although the Court need not decide when the claim actually accrued (because Lamberts' claim is untimely even under the latest possible date), the Court notes that some courts have held that, in light of ERISA's exhaustion requirement, a claim for benefits does not accrue until the participant has exhausted his administrative remedies.  See Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 324-25 (2d Cir. 2004) (noting a disagreement among district courts within the Second Circuit regarding whether a claim for benefits accrues when administrative remedies are exhausted or whether a claim accrues on the initial denial of benefits, but finding it unnecessary to decide the issue); Lippard v. Unumprovident Corp., 261 F. Supp. 2d 368, 377 (M.D.N.C. 2003) ("Because Plaintiff exhausted her administrative remedies when her appeal was denied by Defendant on September 16, 1998, Plaintiff then had three years in which to bring her claim for benefits."); Laurenzano v. Blue Cross & Blue Shield of Mass., 134 F. Supp. 2d 189, 211 (D. Mass. 2001) (stating that "for those class members who sought internal remedies, their causes of action did not accrue until they exhausted their internal remedies"); Crane v. Asbestos Workers Phila. Pension Plan, No. Civ. A. 95-4173, 1998 WL 151801, at *1 n.4 (E.D. Pa. Apr. 1, 1998) ("Plaintiff's claim for benefits did not accrue until his application was formally denied and he had exhausted his administrative remedies under the Plan.") (citation omitted).  Although the Sixth Circuit has held that a claim for ERISA benefits accrues "when a fiduciary gives a claimant clear and unequivocal repudiation of benefits," Morrison, 439 F.3d at 302, it is not clear to this Court whether the Sixth Circuit has considered the issue of whether a claim accrues when the fiduciary has denied the claim but the administrative appeal process is still unexhausted, leaving open the possibility of a change of decision to deny benefits.

complaint until sometime in February of 2005, beyond the expiration of the limitations period. Thus, Lamberts' claim is untimely.

Lamberts argues in his brief that the Court should impose a three-year limitations period rather than the two-year contractual period. He cites no authority to support this request, and the Court is not aware of any authority that would permit it to re-draft the contract for the parties. Although Lamberts presents an argument for tolling based upon his filing of the state court case, his argument is unavailing because the limitations period expired before Lamberts filed his state court action. Thus, this Court need not consider Lamberts' tolling argument.

An Order consistent with this Opinion will be entered.


Dated: April 14, 2006                              _____/s/ Gordon J. Quist_____
                                                   GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE